IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Don Boyd,  )  | C/A No. 3:11-845-JFA-PJG |
| Plaintiff, ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| Wal-Mart Stores Inc; ) Wal-Mart Supercenter Inc; ) Nelson Mullins Riley & Scarborough; ) Clarence Davis; ) Aisha S. Lusk; ) Christopher C. Genovese, and ) State of South Carolina, ) | |
| Defendants. ) | |

The plaintiff, Don Boyd, ("Plaintiff"), a self-represented litigant, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

## BACKGROUND

Plaintiff is a resident of Richland County, South Carolina, and has apparently been involved in quite a bit of litigation here in South Carolina and elsewhere in the last few years. He has filed and currently has pending in this court several other cases in which he complains about the outcome of litigation in federal courts in Louisiana and Mississippi, Civil Action No. 3:10-3208, and two other cases in which he complains about the way litigation against Bi-Lo was handled by South Carolina state courts. Civil Action Nos. 3:11-133 and10-3209. In this case, he claims that unnamed judges in South Carolina state trial and appellate courts made unfair and misleading rulings during the course of litigation of two legal actions in Richland County against Defendant Walmart. Plaintiff claims that

the judges' rulings were made in order to thwart Plaintiff's ability, as an "indigent," to litigate against the Defendant lawyers representing his opposing party, whom he combines with all South Carolina employers and businesses and then labels "Deep Pockets." He claims that the Defendant lawyers, collectively, had a "tacit understanding" with the unnamed "coconspirator judges" to "insulate Deep Pockets from litigation . . . " instituted by "indigents." (Compl., ECF No. 1 at 3). By way of example, Plaintiff claims that hearings were set for one issue, but that other issues were decided; that the courts allowed the attorneys to file proposed orders without providing Plaintiff with copies; that rules of procedure were waived for the attorneys, but not for Plaintiff; and that insufficient assistance with legal issues and understanding of court rules was provided to him as a *pro se* litigant. He claims that the circumstances he encountered in trying to pursue civil litigation, including appellate procedures, against defendants violated his federal constitutional rights under the Fourteenth Amendment to due process and equal protection. Accordingly, although he does not specifically cite to any federal statute for the basis of the court's subject matter jurisdiction, this Complaint is being considered under the court's federal question jurisdiction pursuant to 42 U.S.C. §§ 1983, 1985.[1]

Although Plaintiff names numerous corporate entities and individuals as defendants, review of the Complaint does not disclose any specific allegations of active wrongdoing against any of the named parties. Other than a very broad implication that they *all* participated in the complained-of state-court litigation, there simply are no allegations

---

[1] There is clearly no diversity jurisdiction in this case because all parties appear to be South Carolina residents; thus, if it can be properly filed in federal court, Plaintiff's Complaint must be reviewed under 28 U.S.C. § 1331 for federal question jurisdiction, which must be supported by a viable claim under some federal statute, constitutional provision, or treatise provision. 28 U.S.C. § 1331.

attributing any specific actions or inactions taken during the litigation to the named defendants personally. Instead, all allegations of wrongdoing appear to be directed to unnamed "coconspirator" judges and these allegations are all about the way they (the un-named judges) conducted the litigation to Plaintiff's detriment. As relief, Plaintiff asks for permission to re-litigate the cases and seeks "damages" in the amount of $60,000,000, to be trebled if possible.

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983), and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under

§ 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

PJG

## DISCUSSION

All of Plaintiff's claims under §§ 1983 and 1985 are subject to summary dismissal because, under the Rooker-Feldman doctrine, this court is without jurisdiction to consider them. The proceedings and rulings made in the South Carolina state trial and appellate courts of which Plaintiff complains cannot be reviewed or set aside by the United States District Court for the District of South Carolina in this case. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476-82 (1983) (federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257);[2] see Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). This prohibition on review of state court orders by federal district courts is commonly referred to as the Rooker-Feldman doctrine. See, e.g., Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005); Davani v. Va. Dep't of Transp., 434 F.3d 712 (4th Cir. 2006); Ivy Club v. Edwards, 943 F.2d 270, 284 (3d Cir. 1991). Because the Rooker-Feldman doctrine is jurisdictional, it may be raised by the court *sua sponte*. American Reliable Ins. Co. v. Stillwell, 336 F.3d 311, 316 (4th Cir. 2003). According to the Fourth Circuit, "the Rooker-Feldman doctrine applies . . . when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." Davani, 434 F.3d at 713. In this case, Plaintiff is seeking

---

[2] Appeals of orders issued by lower state courts must go to a higher state court. Congress, for more than two hundred years, has provided that only the United States Supreme Court may review a decision of a state's highest court. See 28 U.S.C. § 1257(since 1988, such Supreme Court review is discretionary by way of a writ of certiorari and is not an appeal of right); Ernst v. Child & Youth Servs., 108 F.3d 486, 491(3d Cir. 1997). In civil, criminal, and other cases, the United States Supreme Court has reviewed decisions of the South Carolina Supreme Court that were properly brought before it under 28 U.S.C. § 1257 or that statute's predecessors. E.g., Lucas v. S.C. Coastal Council, 505 U.S. 1003 (1991) (an example of a South Carolina Supreme Court case that was reviewed by the United States Supreme Court).

damages because he lost the state court cases and he specifically asks this court to let him try them over again as an element of relief. He is complaining about how the judges conducted the cases and the rulings they made and is asking this court to rule differently and tell the state court they were all wrong. Such requests are barred by the Rooker-Feldman doctrine.

Longstanding precedents preclude the United States District Court for the District of South Carolina from reviewing the findings or rulings made by the South Carolina State Courts. The Rooker-Feldman Doctrine applies to bar the exercise of federal jurisdiction even when a challenge to state court decisions or rulings concerns federal constitutional issues such as Plaintiff attempts to raise in this case. See Arthur v. Supreme Court of Iowa, 709 F. Supp. 157, 160 (S.D. Iowa 1989). The doctrine also applies even if the state court litigation has not reached a state's highest court. See Worldwide Church of God v. McNair, 805 F.2d 888, 893 nn.3-4 (9th Cir. 1986); see also 28 U.S.C. § 1738 (federal court must accord full faith and credit to state court judgment); Robart Wood & Wire Prods. Corp. v. Namaco Indus., 797 F.2d 176, 178 (4th Cir. 1986).

Plaintiff's submission of the Complaint in this case, claiming a right to damages for alleged federal constitutional violations by the State of South Carolina, opposing counsel, and opposing parties in connection with civil litigation does not alter the fact that Plaintiff is, in reality, attempting to have this court review the proceedings that took place before the South Carolina trial and appellate courts in Plaintiff's case(s) against Walmart. See Anderson v. Colorado, 793 F.2d 262, 263 (10th Cir. 1986) ("[I]t is well settled that federal district courts are without authority to review state court judgments where the relief sought is in the nature of appellate review."); see also Hagerty v. Succession of Clement, 749 F.2d 217, 219-20 (5th Cir. 1984) (collecting cases). Plaintiff claims that he has been injured by

the state court decisions in his civil cases (he lost and he wants a retrial), see Willner v. Frey, 243 Fed. Appx. 744 (4th Cir. 2007), and to rule in favor of Plaintiff on his constitutional claims would, necessarily, require this court to overrule (or otherwise find invalid) various orders and rulings made by the South Carolina state trial and appellate judges who presided over Plaintiff's lawsuit(s) against Walmart.  Such a result is prohibited under the Rooker-Feldman doctrine.  Davani, 434 F.3d at 719-20; see Saudi Basic Indus. Corp., 544 U.S. at 293-94; Jordahl v. Democratic Party of Va., 122 F.3d 192, 201 (4th Cir. 1997).

Moreover, the Defendant State of South Carolina is immune from Plaintiff's damage claims in this case.  The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. art. XI.  Sovereign immunity protects both the State itself and its agencies, divisions, departments, officials, and other "arms of the State." See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989); see also Regents of the Univ. of California v. Doe, 519 U.S. 425, 429 (1997) ("[I]t has long been settled that the reference [in the Eleventh Amendment] to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities."); Mt. Healthy Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977) ("The bar of the Eleventh Amendment to suit in federal courts extends to States and state officials in appropriate circumstances.").  Moreover, the United States Supreme Court has stated that § 1983 "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties."  Will, 491 U.S. at 66; see also Quern v. Jordan, 440 U.S. 332, 343 (1979) (recognizing that Congress did not override the Eleventh Amendment when it created the remedy found in 42

U.S.C. § 1983 for civil rights violations).  Although a State may waive sovereign immunity, Lapides v. Board of Regents, 535 U.S. 613 (2002), the State of South Carolina has specifically denied this waiver for suit in federal district court.  See S.C. Code Ann. § 15-78-20(e). Accordingly, Plaintiff's claim for damages against the State of South Carolina fails as a matter of law, and his injunctive relief claim (retrial of his state civil action(s)) is barred by the Rooker-Feldman Doctrine as stated above.

Additionally, even if the Rooker-Feldman doctrine did not bar Plaintiff's claims against all Defendants, the Complaint would still be subject to summary dismissal as to all named defendants since Plaintiff's conclusory and excessively broad claims of "conspiracy" and use of impersonal, collective terms such as "co-conspirator" and "Deep Pockets" and "Defendant Attorneys" do not sufficiently state either a § 1983 or a § 1985 claim against any of them. Plaintiff has failed to allege facts stating a plausible claim against any of the individual defendants.  Iqbal, 129 S. Ct. at 1940.  Though broadly asserting violations of numerous federal rights by someone or something other than the "coconspirator judges" who are not named Defendants, Plaintiff's allegations do not, through use of colorful, non-personal, collective terms such as "Deep Pockets" and "kangaroo court" for the wrongdoers, sufficiently attribute the constitutional violations alleged to any "person" who is a "state actor," much less to the named Defendants.  His use of the collective terms "Deep Pockets" and "Defendant attorneys" or "Defendant counsel" to name wrongdoers is insufficient to identify facts stating a plausible claim of relief.  Iqbal, 129 S. Ct. at 1940.  Since the allegations in the Complaint fail to specifically name any defendant who personally violated Plaintiff's constitutional rights, no viable claims are stated under either §§ 1983 or 1985.  See Simmons v. Poe, 47 F.3d 1370 (4th Cir. 1995) (mere conclusory  allegation of a conspiracy

will not be sufficient to present a claim under § 1985); David v. Hudgins, 896 F. Supp. 561, 571 (E.D. Va. 1995) (same).

To the extent that Plaintiff claims that all Defendants conspired to violate his constitutional rights and, thus, seeks to state a claim against them all under § 1985, the allegations are far too conclusory and indefinite to state a viable claim.

42 U.S.C. § 1985(3) states:

> If two or more persons . . . conspire, . . . for the purpose of depriving . . . any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws[,] . . . if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy whereby another is injured in his person or property, . . . the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

Historically, this section was intended to encompass only those conspiracies motivated by animus against the kind of classes Congress was trying to protect when it enacted the Civil Rights Act. Kimble v. D.J. McDuffy, Inc., 648 F.2d 340 (5th Cir. 1981). In Simmons v. Poe, 47 F.3d 1370 (4th Cir. 1995), the Fourth Circuit observed that:

> The law is well settled that to establish a sufficient cause of action for "conspiracy to deny equal protection of the laws" under section 1985(3), a plaintiff must prove: (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy.

Id. at 1376 citing Buschi v. Kirven, 775 F.2d 1240, 1257 (4th Cir. 1985). The mere conclusory allegation of a conspiracy will not be sufficient to present a claim under § 1985. Simmons, 47 F.3d at 1377; see also David v. Hudgins, 896 F. Supp. 561, 571 (E.D. Va. 1995).

Significantly, Plaintiff never alleges that the acts of the defendants were in any way motivated by race, though he does, liberally construed, appear to allege that they were motivated by his "indigency." Plaintiff has failed to allege any facts to support a cause of action based on 42 U.S.C. § 1985(3) because that statute was designed to protect certain classes of individuals on the basis of race, color, or national origin, and there are no facts in the Complaint that tend to show the acts complained of were motivated by any improper classification. See Griffin v. Breckenridge, 403 U.S. 88, 102 (1971) (finding that "there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action" to state a cause of action under 42 U.S.C. §1985). The Supreme Court has not extended the reach of §1985 to classifications based upon a characteristic other than race. See Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 269-70 (1993) (declining to extend the class of individuals covered under §1985 to women seeking an abortion). The Fourth Circuit Court of Appeals has determined that §1985 extends to religious discrimination as well. See Ward v. Conner, 657 F.2d 45, 49 (4th Cir. 1981) (finding Plaintiff had asserted a viable complaint under §1985 for religious discrimination). However, the section has not been extended to classification based on "indigency." See, e.g., Hamill v. Wright, 870 F. 2d 1032, 1037-38 (5th Cir. 1989); Bieros v. Nicola, 851 F. Supp. 683, 686-87 (E.D. Pa. 1994). Thus, Plaintiff's allegations that defendants conspired to keep indigents from winning in state court fail to state a viable § 1985 claim against any defendant.

Finally, to the extent that Boyd's Complaint can be construed to assert any state law claims, these claims are also subject to dismissal. Because federal jurisdiction does not exist in this case since the §§ 1983 and 1985 claims are not viable and diversity jurisdiction is not present, supplemental jurisdiction for any state law claims does not exist. See 28 U.S.C. § 1367(a) (providing that "in any civil action of which the district courts have original

jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution"); see also Lovern v. Edwards, 190 F.3d 648, 655 (4th Cir. 1999) ("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants.").

## RECOMMENDATION

Accordingly, the court recommends that the Complaint in this case be dismissed without prejudice and without issuance and service of process. See United Mine Workers v. Gibbs, 383 U.S. 715 (1966); see also Neitzke, 490 U.S. at 324-25.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 8, 2011
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).