IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Don Boyd, ) | C/A No.: 3:11-845-JFA-PJG |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | **ORDER** |
| Wal-Mart Stores Inc.; Wal-Mart Supercenter ) | |
| Inc.; Nelson Mullins Riley & Scarborough; ) | |
| Clarence Davis; Aisha S. Lusk; Christopher ) | |
| C. Genovese; and State of South Carolina, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

The *pro se* plaintiff, Don Boyd, appears to bring this action pursuant to 42 U.S.C. §1983. The plaintiff alleges that unnamed South Carolina trial and appellate judges made unfair rulings in a case brought by the plaintiff against Wal-Mart. He claims that various state judicial actors conspired to defeat Plaintiff in his action. Plaintiff is requesting $60,000,000 in monetary damages for violations of his constitutional rights and asks for leave to resume or prosecute his original claims.

This matter is before the court for review of the Magistrate Judge's Report and Recommendation (the "Report"). The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation. The Report recommends that the action should be summarily dismissed without prejudice and without issuance and service of process for the plaintiff's failure to state a claim upon which

1

relief may be granted.

The plaintiff was advised of his right to submit objections to the Report, which was filed on June 8, 2011. Plaintiff filed timely objections on June 27, 2011 (ECF No. 13).

**I.    Legal Standard**

The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

**II.   Discussion**

The court agrees with the Magistrate's conclusion that this court cannot provide the plaintiff with the relief he is seeking. He does not make any specific allegations against any of the named defendants and focuses his allegations on unnamed judges, who he claims participated in the conspiracy against him. The plaintiff is asking this court to sit as an appellate court over decisions made by South Carolina state courts and allow him to retry his case. The *Rooker-Feldman* doctrine prohibits a federal district court from reviewing state court orders. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005).

Additionally, as to the plaintiff's claim for damages against the State of South Carolina, the Eleventh Amendment and sovereign immunity protect states from being subject to lawsuits, so the state cannot be named as a defendant. Even with the liberal construction afforded to *pro se* litigants, the Magistrate correctly concluded that this court does not have jurisdiction to consider the plaintiff's claims.

Plaintiff's only objection to the Report is to the "Magistrate summarizations of Complaint allegations, already precise and concise." (ECF No.13). The objection asserted is simply a bald allegation by the plaintiff that the Magistrate's recommendation is wrong. The plaintiff has failed to allege any specific objections to the Report.

**III.    Conclusion**

After carefully reviewing the applicable law, the record in this case, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The court, therefore, adopts the recommendation of the Magistrate Judge in full and incorporates this Report by specific reference.

Accordingly, this action is dismissed without prejudice and without service of process.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

August 12, 2011                                                    Joseph F. Anderson, Jr.
Columbia, South Carolina                                      United States District Judge

3